```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,

            Plaintiff,

    v.                                          15 CR 95-039 (AJN)

RUSHAUN BROWN,

            Defendant.
--------------------------------X
```

**SENTENCING MEMORANDUM ON
BEHALF OF RUSHAUN BROWN**

```
                              Joseph A. Vita, Esq.
                              Attorney for RUSHAUN BROWN
                              327 Irving Avenue
                              Port Chester, New York 10573
                              (914)939-5401
```

**JOSEPH A. VITA**
**ATTORNEY AT LAW**
327 Irving Avenue
Port Chester, New York 10573
Telephone 914-939-5401
Fax 914-690-2007

First Class Mail & ECF

December 27, 2016

Honorable Alison J. Nathan
United States District Court Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Re:    United States v. Rushaun Brown; 15 CR 95 (AJN)

Dear Judge Nathan:

     I write this pre-sentence memorandum on behalf of my client, RUSHAUN BROWN, who is scheduled to be sentenced on January 5, 2017.

     Mr. Brown agrees with the guideline calculations in the pre-sentence report; total offense level of 25 in Criminal History Category II, which are also consistent with the Plea agreement of the parties. The resulting advisory guideline sentencing range is 63 to 78 months (PSR, page 24, par. 80).

     Probation Officer Jonathan J. Bressor has recommended a guideline sentence of 63 months followed by 3 years of supervised release. Recommended conditions include drug treatment and testing, a search condition, a special condition that defendant not associate or interact with gang members and associates or frequent neighborhoods known to be controlled by gangs, and that defendant participate in educational and vocational programs.

     For the reasons set forth below, I am requesting that the Court consider a sentence with a jail component substantially less than 63 months to be followed by a 3 year term of supervised release as a sentence that would be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 USC 3553(a).

     <u>Offense Conduct and Criminal History</u>

     The PSR is substantially accurate in it's description of the offense conduct and defendant's criminal history. However, the defense objects to the reference to possessing a firearm in furtherance of the racketeering conspiracy alleged in page 16, paragraph 27 as well as the reference to possession of a firearm contained on page 30 in the sentencing recommendation portion of the report.  It is noted that while probation officer Bressor in response to the defense objection properly deleted the two point firearm enhancement,  he did not delete the reference to

2

firearm possession in the cited portions of the report (PSR, page 27).

The indictment paints a broad picture of criminal activity, violent and non-violent, over a period of many years involving many participants.  But there are varying degrees of involvement and culpability in the criminal activities of the enterprise among the 63 individuals charged in this indictment.  The Court's sentencing decision has to take into account the specific offense conduct of Mr. Brown during the course of the offense.

Consistent with the plea agreement of the parties and the PSR recitation,  Mr. Brown's primary criminal activity in the racketeering conspiracy was his participation in narcotics distribution.  Mr. Brown sold both crack and marijuana. Mr. Brown is being held responsible for the distribution of at least 196 but less than 280 grams of crack.  He was not involved in the acts of violence. He was not involved in firearm possession and use. He was not a leader in the conspiracy.  And while associated with the Big Money Bosses Enterprise, he was not a member of the gang.

History and Characteristics of Defendant

The PSR is substantially accurate in its description of Mr. Brown's  personal and family data.

Defendant, who is 24 years of age, was born in Jamaica. He was raised primarily by his mother, Alicea Park, who was 16 years old when he was born, and maternal aunt.  His father abandoned the family when he was an infant. Rushaun Brown came to the United States with his mother when he was 12 and is a United States citizen.  He is single but has 3 children.

Mr. Brown attended school in the Bronx but did not graduate High School. When he was 16 he completed a summer internship in information technology. (see exhibit 3 below).  He has been employed in various positions including working as a janitor helper and a stock person in retail businesses in Manhattan.   We agree with the observation of Officer Bressor that Mr. Brown would benefit from vocational and educational training (PSR, page 30).

Mr. Brown is essentially in good health although he has asthma. He has no history of mental illness. However he has struggled with marihuana use since his teenage years.  He recognizes that drugs have been a negative factor in his life as well as the lives of others and is amenable to receiving drug-treatment services while in federal custody. (PSR. par 70).

To supplement the information contained in the PSR and in order to paint a balanced picture of Rushaun Brown I have included with this submission various letters of support from People who know Mr. Brown and his family as follows:

exhibit No.

1.  Alicia Peak - defendant's mother
2.  Keiva Kelshall - girlfriend and mother of Mr. Brown's infant son
3.  Rob Moore - Family friend, mentor

      4.      Sherrie Dehaney - Family friend.
      5.      Sonia Chambers - Church pastor.
      6.      Novelette Morgan - Family friend.
      7.      Khaaliah Bar-Blake - Family friend
      8.      Ariela Osbourne - sister.

As is evident from the attached as well as from other information obtained by Probation Officer Bressor and reflected in the PSR, there is a strong family support network available to assist Mr. Brown in avoiding criminal conduct once he completes whatever custodial sentence your honor deems appropriate. It is expected that Mr. Brown will live with his girlfriend when he is released from custody (PSR. par 66).

Also included with this submission are certifications verifying Mr. Brown's completion of available programs at MCC and good behavior during the period of his remand as follows:

      9.      Drug Abuse Education course certificate
      10.     LBERTT - Violence Prevention mentoring Program letter & certificate of completion
      11.     MCC inmate review reports.

## Legal Authorities

18 U.S.C. 3553(a) calls upon the District Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [3553(a)].

18 U.S.C. 3553(a) sets forth various factors for the Court to consider in determining reasonable punishment including (1) the nature and circumstances of the offense and the history and characteristics of the defendant and (2) the need for the sentence imposed (A) "to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense"; (B) to afford deterrence; (C) to protect the public and (D) to provide for rehabilitation.

Other considerations include the kinds of sentences available, the sentence guideline range, the need to avoid unwarranted sentence disparities among co-defendants with similar records who engage in similar conduct, the policy statements promulgated by the sentence guideline commission, providing needed vocational training and medical attention for the defendant and the need to provide restitution to any victims.

In <u>Gall v. United States</u>, 552 U.S. 38 (2007), the Supreme Court advises that the sentencing guidelines are "the starting point and initial benchmark but are not the only consideration." The sentencing Court should consider all of the factors of sect. 3553(a) and then determine a "reasonable sentence" under all of the factors being considered. If a non-guideline sentence is deemed to be reasonable than the Court must determine the extent of the deviation.

While the sentence guidelines are an important consideration, as the Second Circuit noted in <u>United States v. Cavera</u>, 550 F.3d 180, 189 (2d Cir. 2008):

"Based on the unique facts of a particular case, austere adherence to the averages and generalities of the Guidelines can be unjust and contrary to reason … No chart or numbers will ever fully contemplate, quantify and cipher the endless variations of human experience. While it might provide a normalizing force in sentencing, we cannot, with a system of points and categories, reduce justice to a universal formula."

As the Second Circuit held in United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005), "[n]ow, with the mandatory duty to apply the Guidelines excised, the duty imposed by section 3553(a) to 'consider' numerous factors acquires renewed significance."

It is noted that the charge Mr. Brown plead guilty to does not provide for a mandatory minimum sentence.

The personal characteristics of Mr. Brown and offense factors under 3553(a) which are mitigating factors and support a sentence below the stipulated guideline range include the following:

1.  His youth and immaturity.

2.  His minimal criminal history.  Mr. Brown has no prior misdemeanor or felony criminal conviction record.  His past convictions consist of a shoplifting incident when he was 16 years old which resulted in a New York State Youthful Offender adjudication and 2 separate violation convictions for Unlawful Possession of Marihuana.  The resulting sentences were respectively; a 1 year conditional discharge (2009), $150.00 fine (2010) and $25.00 fine (2013).

He has never been sentenced to probation; never been subject to probation supervision at the State level, and never been sentenced to jail.

Significantly, his Criminal History category is II rather than I because of the assessment of 3 criminal history points.  2 of these points involved marihuana violation convictions for marihuana possession in the Bronx which were arguably part of his offense conduct in the Racketeering case.  (see PSR, par. 25).

3.  The fact that he was raised by a single parent, his mother, without involvement of his father who abandoned him at an early age.

4.  Mr. Brown was not involved in the more violent activity associated with the racketeering enterprise.

5.  Although "affiliated" with BMB, Mr. Brown was not a BMB gang member. He has no gang status or rank. He was not a gang leader, not a "Big Suit"

6.  His participation in available programs at MCC including drug abuse education and violence prevention mentoring programs indicate a commitment to change his life around and live a law abiding life after release from custody.

7. He has a strong family and community support network.

8. Mr. Brown accepted responsibility in the very early stages of this prosecution. He was one of the first defendants to resolve the case by pleading guilty.

It must be stressed that a primary factor in determining the offense level applicable in this case and the calculated sentence guideline range of 63 to 78 months is the drug quantity table 2D1.1(c)(7), which assigns a base offense level of 28 for an individual such as Mr. Brown who is being held responsible for 196 to 280 grams of cocaine base. Mr. Brown, a street dealer, has the same guideline level as a major multi kilo drug trafficker. Had Mr. Brown been held accountable for the equivalent weight of powder cocaine rather than cocaine base his base offense would have been 18 and his total offense level 15 rather than 25 with a guideline range of 21 to 27 months rather than 63 to 78 months. Although the disparity in the guidelines between crack and cocaine has been reduced from 100 to 1 to 28 to 1, I submit that this disparity, even as modified, is still not rationale and, as applied, is discriminatory against the poor and minorities, and results in a disproportionately severe guideline sentence range for someone in Mr. Brown's circumstances. (See, Kimbrough v. United States, 552 U.S. 85 (2007); Sears v. United States, 555 U.S. 261 (2009).

Since he was arrested and remanded on June 20, 2016 and in the 6 months that he has been incarcerated at MCC Mr. Brown has had a chance to reflect upon his conduct and his life direction. He recognizes that he committed a serious offense which has had devastating consequence on the Bronx community where he engaged in his drug dealing. He also realizes that his choices have not only hurt the community but also the people he is closest to, his family and children. He is appreciative that his family has stood by him and continue to visit him and support him during this difficult time. He is fearful of the unknown because he is uncertain of the sentence he will receive. He is also hopeful because he is a young man and knows he will be released at some point in time and will get a second chance to be a responsible adult. He has tried to make good use of his time in custody by participating in available programs which will assist him in living a law abiding life after he is released from prison.

Considering the totality of circumstances, I submit that a guideline sentence of 63 months for a young offender who has never been convicted of a crime or received a prior probation or jail sentence is unnecessarily punitive. A guideline sentence would be greater than necessary to satisfy the purposes of sentencing under 3553(a). The sentencing goals of punishment, deterrence and promotion of respect for the law can be adequately achieved with a much shorter jail sentence.

In view of Mr. Brown's substance abuse problems I am requesting that the Court recommend to the Bureau of Prisons that defendant is an appropriate candidate for participation in any available drug treatment programs.

Due to my client's limited financial means, I am requesting that no fine be imposed.

      I am further requesting that the Court recommend to the Bureau of Prisons that Mr. Brown be designated to a facility close to the New York metropolitan area in the Northeastern District in order to facilitate family contact with his mother, girlfriend and children.

Respectfully submitted,

/S/ Joseph A. Vita

Joseph A. Vita

cc:    AUSA Rachel Maimin, Esq.
       via ECF & first class mail